RON E. SHULMAN, State Bar No. 178263
rshulman@wsgr.com
JULIE M. HOLLOWAY, State Bar No. 196942
jholloway@wsgr.com
S. MICHAEL SONG, State Bar No. 198656
msong@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

TUNG-ON KONG, State Bar No. 205871
tkong@wsgr.com
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

CRAIG N. HENTSCHEL, State Bar No. 66178
chentschel@dykema.com
DYKEMA GOSSETT LLP
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ECOPY, INC., a Delaware Corporation<br><br>Defendants. | CASE NO. **CV08-03423**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE AND DECEPTIVE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

Nuance Communications, Inc. ("Nuance") hereby alleges for its complaint against defendant eCopy, Inc. ("eCopy") on personal knowledge as to its own actions and upon information and belief as to actions of others, as follows:

## NATURE OF THE LAWSUIT

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, for damages and injunctive relief pursuant to 35 U.S.C. §§ 1 *et seq,* claims for trademark infringement arising under the Lanham Act, Title 15 of the United States Code, for damages and injunctive relief pursuant to 15 U.S.C. §§ 1125 *et seq.* and arising under the common law of California, and claims for unfair competition and false advertising arising under California Business and Professions Code §§ 17200 *et seq.*, California Business and Professions Code §§ 17500 *et seq.*, and the common law of California. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

## THE PARTIES

2. Nuance is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1 Wayside Road Burlington, Massachusetts 01803.

3. Upon information and belief, eCopy is a corporation organized under the laws of the State of Delaware with its principal place of business at One Oracle Drive, Nashua, New Hampshire 03062.

## NUANCE'S PATENTS

4. Nuance is the owner by assignment of United States Patent No. 5,381,489 ("the '489 patent"), which was duly and legally issued by the United States Patent and Trademark Office on January 10, 1995.

5. Nuance is the owner by assignment of United States Patent No. 6,038,342 ("the '342 patent"), which was duly and legally issued by the United States Patent and Trademark Office on March 14, 2000.

6. Nuance is the owner by assignment of United States Patent No. 5,261,009 ("the '009 patent"), which was duly and legally issued by the United States Patent and Trademark Office on November 9, 1993.

## NUANCE'S TRADEMARKS

7. Nuance is the owner of the trademarks NUANCE, NUANCE and Design, PAPERPORT, and SCANSOFT for OCR and scanning software, as well as related products and services ("the Marks").

8. Nuance has used the NUANCE trademark in connection with software and services across the United States since at least as early as January 1996, and owns a valid registration for the trademark at the United States Patent and Trademark Office (Registration No. 3,320,394).

9. Nuance has used the trademark NUANCE and Design in connection with software and services across the United States since at least as early as August 1999, and owns a valid registration for the trademark at the United States Patent and Trademark Office (Registration No. 2,699,471).

10. Nuance or Nuance's predecessor-in-interest has used the PAPERPORT trademark in connection with software across the United States since at least as early as November 1994, and Nuance owns a valid registration for the trademark at the United States Patent and Trademark Office (Registration No. 1,998,734).

11. Nuance or Nuance's predecessor-in-interest has used the SCANSOFT trademark in connection with software across the United States since at least as early as September 1996, and Nuance owns a valid registration for the trademark at the United States Patent and Trademark Office (Registration No. 1,998,734).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction based on 28 U.S.C. §§ 1331 and 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

13. Upon information and belief, defendant eCopy designs, develops, manufactures, and/or sells software products that include OCR capability.

14. Upon information and belief, eCopy sells its software products that include OCR capability through office equipment dealers in the Central District of California, including at least Canon Business Solutions, Inc., Danka Office Imaging Co., Complete Copy Systems, and Ikon Office Solutions Western.

15. Upon information and belief, eCopy maintains "Software Alliance Partners" in the Central District of California including at least Liberty IMS.

16. Upon information and belief, the City of Torrance, a city within the Central District of California, implements eCopy's software products that include OCR capability, including winning eCopy's "Best Practices Award" for such implementation. **http://www.ecopy.com/Newsroom_eCopy_Announces_Customer_Best_Practices_Award_Winners.asp.**

17. Upon information and belief, eCopy advertises its software products that include OCR capability via a website, http://www.ecopy.com/.

18. Upon information and belief, defendant eCopy transacts business and has directly and/or indirectly provided to customers in this judicial district and throughout the State of California, software products including OCR capability that infringe the '489, '342 and '009 patents.

19. This Court has personal jurisdiction over defendant eCopy.

### COUNT ONE – INFRINGEMENT OF THE '489 PATENT

20. eCopy has infringed and is continuing to infringe one or more claims of the '489 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

21. Nuance has been damaged by eCopy's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

### COUNT TWO – INFRINGEMENT OF THE '342 PATENT

22. eCopy has infringed and is continuing to infringe one or more claims of the '342 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

23. Nuance has been damaged by eCopy's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

### COUNT THREE – INFRINGEMENT OF THE '009 PATENT

24. eCopy has infringed and is continuing to infringe one or more claims of the '009 patent directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country software that includes OCR capability including at least the Desktop line of products, in violation of 35 U.S.C. § 271.

25. Nuance has been damaged by eCopy's infringing activities and will be irreparably injured unless such infringing activities are enjoined by this Court.

### COUNT FOUR -- FALSE ADVERTISING
### IN VIOLATION OF 15 U.S.C. § 1125(a)

26. Nuance re-alleges the allegations of paragraphs 7 through 11.

27. Nuance provides various OCR and imaging solutions to businesses and individual consumers around the world.

28. Nuance's PaperPort product is offered across the United States in interstate commerce, and allows customers to scan, organize, find and share documents including paper, PDF, application files and photographs.

29. Nuance's OmniPage product is offered across the United States in interstate commerce, and provides OCR analysis and other features that allow

documents and forms to be imported into different applications for editing, searching and sharing.

30. Nuance licenses the PaperPort and OmniPage products to various individuals and businesses, as well as to manufacturers of hardware products (e.g., scanners, copiers, multi-function printers) for bundling with the manufacturer's products. Nuance calls such companies "OEM partners."

31. eCopy competes with the Nuance's software products with its eCopy Desktop product. On information and belief, eCopy does not provide its own OCR solution, but bundles its product with an OCR solution from a third party. eCopy also licenses its Desktop product to hardware manufacturers for bundling with manufacturer's products. eCopy Desktop is licensed or available throughout the United States, and is a product in interstate commerce.

32. Upon information and belief, in or about July 2006, eCopy created a false and misleading document entitled "Competitive Analysis, eCopy Desktop v. 9.0 versus Nuance PaperPort v. 11.0, Making Your Purchasing Decision Easy" ("the Competitive Report"). The Competitive Report contains numerous false and misleading descriptions of fact and representations of fact about Nuance and the Nuance PaperPort and OmniPage products. The false and misleading statements have the capacity to deceive a substantial segment of potential customers of Nuance.

33. Upon information and belief, eCopy has made other false and misleading descriptions of fact and representations of fact about Nuance products. For example, in or about March 2007, eCopy created a document entitled "Top Ten Reasons to Choose eCopy Desktop Over Nuance PaperPort" ("the Top Ten Report"), which contains numerous false and misleading descriptions of fact and representations of fact about Nuance and the Nuance PaperPort product.

34. Upon information and belief, eCopy distributed the Competitive Report and the Top Ten Report in connection with its competing software across

1  the United States, in interstate commerce, to various manufacturers and/or
2  resellers, who are also current or potential OEM partners of Nuance.

3      35. The false and misleading statements in the Competitive Report and Top Ten Report are material and likely to influence the purchasing decision of Nuance's current and/or potential future customers.

      36. By its actions described above, eCopy, in connection with its goods and services, has used in commerce false and misleading descriptions of fact and representations of fact which in commercial advertising or promotion misrepresents the nature, characteristics and/or qualities of Nuance products, in violation of 15 U.S.C. § 1125(a).

      37. Nuance has and will suffer irreparable harm if eCopy continues to distribute false and misleading statements similar to those made in the Competitive Report and Top Ten Report. Nuance will also suffer irreparable harm if the Competitive Report and Top Ten Report remain in distribution without retraction and correction by eCopy.

      38. Nuance is entitled to a preliminary and permanent injunction against eCopy preventing eCopy from further dissemination of the Competitive Report or Top Ten Report, or from making false and misleading statements similar to those made in the Competitive Report or Top Ten Report. Nuance is also entitled to a preliminary and permanent injunction requiring eCopy to retract all misleading and false advertising and marketing materials, such as those described above, and further requiring eCopy to publish a statement correcting its false advertising.

### COUNT FIVE -- INFRINGEMENT OF TRADEMARKS IN VIOLATION OF 15 U.S.C. §§ 1114 & 1125

      39. Nuance re-alleges the allegations of paragraphs 7 through 11 and 26 through 38.

      40. The Competitive Report displays the Marks without permission from Nuance.

41. The Competitive Report uses each of the Marks in connection with the sale, offering for sale, distribution, or advertising of the eCopy Desktop product.

42. By the acts described above, eCopy has, without the consent of Nuance, used in commerce the Marks in connection with the sale, offering for sale, distribution or advertising of goods or services, in a manner that is likely to cause confusion, or to cause mistake, or to deceive. By way of example and not limitation, the Competitive Report fails to give any attribution to the author of the document, and uses the Marks in a way as to confuse the reader as to the source or sponsorship of the Competitive Report or the products therein. eCopy's conduct violates 15 U.S.C. §§ 1114 and 1125.

43. Nuance has suffered damage from eCopy's activities described above and will continue to suffer damage unless those activities are enjoined by this Court. Therefore, Nuance is entitled to an injunction and to the costs of this action, and to further relief described below.

44. Nuance will also suffer irreparable harm if eCopy continues to misuse Nuance's trademarks in a way that causes confusion among consumers, with intent to deceive such consumers. Such confusion and resulting loss of good will cannot be remedied by monetary damages alone.

45. Nuance is entitled to a preliminary and permanent injunction against eCopy preventing eCopy from using Nuance's trademarks and in a confusing and deceptive manner, as it has done in the Competitive Report, and further from distributing the Competitive Report and any similar documents making unauthorized and improper use of Nuance's trademarks.

46. On information and belief, eCopy's use of the Marks was intentional and with full knowledge of Nuance's ownership of trademark registrations, and of Nuance's rights in and use of those marks. Nuance is therefore entitled to recover treble damages, treble profits, and attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT SIX -- COMMON LAW TRADEMARK INFRINGEMENT

47. Nuance repeats and realleges the allegations of paragraphs 7 through 11 and 26 through 46.

48. eCopy's conduct constitutes willful trademark infringement under the common law of the State of California.

49. eCopy's actions described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court. Nuance is entitled to an injunction as well as damages to be proved at trial. Moreover, because of eCopy's willful and malicious conduct, Nuance is entitled to exemplary damages in an amount to be determined by a jury.

## COUNT SEVEN – COMMON LAW UNFAIR COMPETITION

50. Nuance repeats and realleges the allegations of paragraphs 7 through 11 and 26 through 49.

51. eCopy's acts as described above constitute unfair competition in violation of the common law of the State of California.

52. eCopy's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court. Nuance is entitled to an injunction as set forth below, as well as damages to be proved at trial.

## COUNT EIGHT – FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 et seq.

53. Nuance repeats and realleges the allegations of paragraphs 7 through 11 and 26 through 52.

54. eCopy's false and misleading statements in the Competitive Report and the Top Ten Report constitute unfair, deceptive, untrue, or misleading advertising under Cal. Bus. & Prof. Code § 17500 et seq.

55. eCopy's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court.

Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17535, as well as restitution and disgorgement of eCopy's profits.

### COUNT NINE – UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 et seq.

56. Nuance repeats and realleges the allegations of paragraphs 7 through 11 and 26 through 55.

57. eCopy's false and misleading statements in the Competitive Report and the Top Ten Report constitute unfair, deceptive, untrue, and misleading advertising.

58. eCopy's use of Nuance's trademarks in the Competitive Report constitutes unfair, deceptive, untrue, and misleading advertising.

59. eCopy's acts described above are unlawful, unfair, or fraudulent business acts or practices, constituting unfair competition in violation of California Bus. & Prof. Code § 17200 et seq.

60. eCopy's acts described above have greatly and irreparably damaged Nuance and will continue to damage Nuance unless enjoined by this Court. Accordingly, Nuance is entitled to an injunction under Cal. Bus. & Prof. Code § 17203, as well as restitution and disgorgement of eCopy's profits.

### PRAYER FOR RELIEF

Wherefore, Nuance prays for judgment that:

1. eCopy has directly infringed, contributed to the infringement of, and induced infringement of the '489, '342 and '009 patents;

2. Permanently enjoins eCopy, each of its officers, agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with any one of them, from infringing the '489, '342 and '009 patents;

3. Awards Nuance damages adequate to compensate for eCopy's infringement of the '489, '342, and '009 patents together with interest and costs;

4. Preliminarily and permanently enjoins eCopy, its subsidiaries, parent, and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees of those companies or individuals, and all others in active concert or participation with eCopy, from using any of Nuance's trademarks in a confusing and deceptive manner, and further from distributing the Competitive Report and any similar documents making unauthorized and improper use of Nuance's trademarks;

5. Preliminarily and permanently enjoins eCopy, its subsidiaries, parent, and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees of those companies or individuals, and all others in active concert or participation with eCopy, from further disseminating the Competitive Report or Top Ten Report, or from making false and misleading statements similar to those made in the Competitive Report or Top Ten Report;

6. Preliminarily and permanently requires eCopy to retract all misleading and false advertising and marketing materials, such as the Competitive Report and the Top Ten Report, and to publish a statement correcting its false advertising;

7. Orders eCopy to file with the Court and serve on Nuance within 30 days of the Order an affidavit setting forth in detail the manner in which they have complied with the terms of the Order;

8. Requires eCopy to account for and pay to Nuance treble the amount of all profits derived by eCopy as a result of the acts alleged under counts four to nine;

9. Requires eCopy to pay to Nuance treble the amount of all damages incurred by Nuance by reason of eCopy's acts alleged under counts four to nine;

10. Orders eCopy to make restitution to Nuance for the amounts derived by virtue of eCopy's unfair business practices;

11. Awards Nuance the costs of this action, together with reasonable attorneys' fees and disbursements; and

12. Awards such other and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Nuance hereby demands a trial by jury.

Dated: May 23, 2008

WILSON SONSINI GOODRICH & ROSATI
Ron Shulman
Julie M. Holloway
Tong-On Kong
S. Michael Song

DYKEMA GOSSETT LLP
Craig N. Hentschel

By: /s/ Craig N. Hentschel
Craig N. Hentschel
Attorneys for Plaintiff
NUANCE COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

### CV08- 3423 GW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

RON E. SHULMAN. State Bar No. 178263
rshulman@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300; Fax:: (650) 565-5100

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUANCE COMMUNICATIONS, INC., a Delaware Corporation<br><br>　　　　　　v.　　　　PLAINTIFF(S)<br><br>ECOPY, INC.,<br>a Dealware Corporation<br><br>　　　　　　　　　DEFENDANT(S). | CASE NUMBER<br><br>**CV08-03423 GW AJWx**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  ECOPY, INC.

　　A lawsuit has been filed against you.

　　Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __RON E. SHULMAN__, whose address is __WSGR, 650 Page Mill Road, Palo Alto, CA 94304-1050__.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　　　　　　　　　　　　　　　　Clerk, U.S. District Court

　　　　　　　　　　　　　　　　　　　　　　　　　**NATALIE LONGORIA**

Dated: __MAY 2 3 2008__　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk

　　　　　　　　　　　　　　　　　　　　　　　　　(Seal of the U.S. District Court, Central District of California)
　　　　　　　　　　　　　　　　　　　　　　　　　1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)　　　　　　　　　　　　　　SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
NUANCE COMMUNICATIONS, INC., a Delaware Corporation

**DEFENDANTS**
ECOPY, INC., a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Commonwealth of Massachusetts

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
State of New Hampshire

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
CRAIG N. HENTSCHEL, SBN 66178
DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071
(213) 457-1800

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. §§ 1 et seq. - patent infringement
15 U.S.C. §§ 1125 et seq. - Lanham Act claim

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | | ☐ 422 Appeal 28 USC 158 | | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 550 Civil Rights | |
| ☐ 810 Selective Service | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)                     CIVIL COVER SHEET                     Page 1 of 2
CV08-03423                        CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?  ☐ No  ☒ Yes

If yes, list case number(s): CV08-01097 AHM (FFMx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

---

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Nuance Communications, Inc.: Delaware, Massachusetts

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

eCopy, Inc.: Delaware, New Hampshire

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Craig N. Hentschel_   Date May 23, 2008

Craig N. Hentschel

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |